Argued and submitted July 22, reversed November 30, 1983

ESTREMADO, dba Estremado &
Sons Logging,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION
*Respondent.*

(82-T-47; CA A27135)

672 P2d 388

Mark S. Wolfe, Medford, argued the cause for petitioner. With him on the brief was Frohnmayer, Deatherage, deSchweinitz & Pratt, Medford.

Judith Tegger, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Petitioner appeals from a referee's order which assessed tax deficiencies for the years 1979, 1980 and 1981. The dispositive issue is whether there is substantial evidence in the record to support the referee's order holding that the services performed for petitioner by one Swarthout and his logging crew constitute "employment," subjecting petitioner to the payment of payroll taxes. ORS 183.482(8)(c). We reverse.

In order for petitioner to establish that Swarthout and his crew are independent contractors, he must first show that they are free from petitioner's direction and control. ORS 657.040(1). During the period in question, petitioner was engaged in logging and building logging roads. He had an oral agreement with Swarthout for felling timber covered by petitioner's contracts with Boise Cascade Corporation. Swarthout has used a number of assumed business names during the 33 to 35 years that he has been a timber faller, and he timely tendered to the Employment Division the payroll taxes at issue here along with the payroll reports.

Of the 28 numbered findings of fact in the referee's decision only (18) and (19) lend any support to the referee's conclusion that Swarthout and his crew were subject to petitioner's direction and control:

> "(18) The U.S. Forest Service together with applicant supervised the cutting done by Mr. Swarthout and his crew members. (19) Applicant's main concern was how the timber was laid down so as to facilitate applicant's removal of it."

The remaining findings, for the most part, establish Swarthout's freedom from control by petitioner. Although right to control is a matter of degree, *see, e.g., Pam's Carpet Service v. Employment Division,* 46 Or App 675, 681, 613 P2d 52 (1980), the two facts relied on by the referee as a matter of law fail to amount to direction and control of Swarthout by petitioner.[1]

Reversed.

---

[1] The referee correctly determined under ORS 657.040(2)(a) that Swarthout is "customarily engaged in an independently established business * * *."